## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| MATTIE LILLARD, Individually and for Others Similarly Situated, | Case NO. _____ |
| v. | FLSA COLLECTIVE ACTION |
| TECH USA, INC. | |

## ORIGINAL COMPLAINT

### SUMMARY

1.       During the relevant time period, Tech USA, Inc. did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2.       Instead, Tech USA paid Mattie Lillard, and other workers like her, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3.       Lillard brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.       This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Tech USA, Inc. resides in this District in Anne Arundel County, Maryland.

### THE PARTIES

6.       Lillard was an hourly employee of Tech USA.

7.       His written consent is attached as Exhibit A.

8.       Tech USA employed Lillard and those similarly situated to her.

9.       Lillard brings this action on behalf of herself and all other similarly situated workers who were paid the same hourly rate for all hours worked by Tech USA.  Tech USA paid each of these

workers the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

10.     **Tech USA, Inc.** may be served with process by serving its registered agent **Thomas B. Howell, 8334 Veterans Hwy, 2nd Floor, Millersville, Maryland 21108.**

## COVERAGE UNDER THE FLSA

11.     At all relevant times, Tech USA was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.     At all relevant times, Tech USA was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all relevant times, Tech USA was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

14.     At all relevant times, Tech USA has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

15.     At all relevant times, Lillard and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

16.     Tech USA provides consulting, workforce, and recruitment solutions to clients across the nation.

17.     Lillard was an hourly employee of Tech USA.

18.     Lillard earned $22.00 per hour while working at Tech USA.

2

19.     Lillard had the title of Account Executive and Recruiter.

20.     Lillard worked for Tech USA from January 2019 through April 2019.

21.     Lillard was not guaranteed a salary.

22.     Lillard regularly worked more than 8 hour daily shifts and over 50 hours per week.

23.     But Tech USA paid Lillard at her regular hourly rate for all hours worked in a week, including those over 40 in a week.

24.     Thus, rather than receiving time and a half as required by the FLSA, Lillard only received "straight time" pay for the overtime hours he worked.

25.     The "straight time for overtime" scheme violated the FLSA.

26.     Tech USA has known about the FLSA, and its overtime requirement, for many years.

27.     Tech USA nonetheless failed to pay certain hourly employees, such as Lillard, overtime.

28.     Tech USA's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

29.     Tech USA's illegal "straight time for overtime" policy extends beyond Lillard.

30.     It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Pizzella v. Peters*, 410 F. Supp. 3d 756, 764 (D. Md. 2019) (denying employer's motion to dismiss straight time for overtime pay plan, as plaintiff adequately alleged a violation of the FLSA); *Acosta v. Romero Landscaping, Inc.*, 2019 WL 4447233, at *6-7 (D. Md. Sept. 17, 2019) (finding employer's straight time for overtime pay policy violated the FLSA and granting summary judgment on the same); *United States Dept. of Labor v. Fire & Safety Investigation Consulting Servs., LLC*, No. 1:17-cv-0025, 2018 WL 2065941, at *8 (N.D.W. Va. May 3, 2018) (same); *Myers v. Loomis Armored US, LLC*, No. 3:18-cv-00532-FDW-DSC, 2019 WL 3338172, at *3-4, 6

3

(W.D.N.C. July 25, 2019) (conditionally certifying class of straight time for overtime workers); *Hall v. Dominion*, No. 3:18-cv-321, ECF No. 92 (E.D. Va. May 14, 2018) (approving settlement of a nationwide class of straight-time workers). Defendant paid dozens of hourly employees according to the same unlawful scheme.

31.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

32.     The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

33.     Therefore, the class is properly defined as:

**All individuals who were employed by or on behalf of Tech USA, Inc. who were paid "straight time for overtime" in the past three years.** ("Putative Class Members").

## FLSA VIOLATIONS

34.     By failing to pay Lillard and the Putative Class Members overtime at one-and-one-half times their regular rates, Tech USA violated the FLSA's overtime provisions.

35.     Tech USA owes Lillard and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

36.     Because Tech USA knew or showed reckless disregard for whether its pay practices violated the FLSA, Tech USA owes these wages for at least the past three years.

37.     Tech USA is liable to Lillard and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

38.     Lillard and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

39.     Lillard demands a trial by jury.

**PRAYER**

40.    Lillard prays for relief as follows:

    a.    An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b.    Judgment awarding Lillard and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c.    An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d.    All such other and further relief to which Lillard and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By:  /s/ Taylor A. Jones
    **Taylor A. Jones**
    MD Bar No. 1612130317
    MD Fed. ID No. 20049
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew Dunlap**
    State Bar No. 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    tjones@mybackwages.com
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**