IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTIE LILLARD,        *

                   *

           Plaintiff,        *

                   *

         vs.             *        Civil Action No.   ADC-20-308

                   *

TECH USA, INC.,        *

                   *

          Defendant.     *

                   *

        * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

Defendant Tech USA, Inc. ("Defendant") moves this Court to compel to arbitration all claims brought by Plaintiff, Mattie Lillard[1] ("Plaintiff"), for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), for failure to pay required overtime ("Motion to Compel Arbitration") (ECF No. 19). After considering the Motion and the responses thereto (ECF Nos. 19, 22, 23), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons stated herein, the Court GRANTS Defendants' Motion to Compel Arbitration.

## FACTUAL BACKGROUND

This lawsuit arises out of Defendant's alleged failure to pay its hourly employees overtime premium wages for hours worked in excess of forty hours a week. ECF No. 1 at 1, ¶ 2. Defendant employed Plaintiff from January 2019 through April 2019. *Id.* at 3, ¶ 20. Plaintiff worked in an

---

[1] In addition to Ms. Lillard, Rijad Alibasic, Arielle Evans, Haley Perry, and Courtney Samms have purported to opt-in to this litigation as class plaintiffs. *See* ECF Nos. 5, 9, 14. The Court has not certified a class, and, therefore, one does not exist at this time. Throughout this Memorandum Opinion, the Court refers to Ms. Lillard as the single Plaintiff, though all the purported opt-in plaintiffs appear to be in the same position and are asserting the same claims.

hourly position as an Account Executive and Recruiter and was compensated with an hourly wage of $22.00 per hour. *Id.* at 2–3, ¶¶ 18–19. Plaintiff alleges she "regularly worked more than [eight] hour daily shifts and over [fifty] hours per week," but Defendant only ever paid her a standard hourly rate, including for hours worked in excess of forty hours per week. *Id.* at 3, ¶¶ 22–23. Plaintiff alleges Defendants knowingly and willfully failed to pay hourly employees, including her, overtime wages in violation of the FLSA.

As a condition of her employment, Plaintiff signed a "Confidentiality/Non-Competition Agreement" (the "Employment Agreement"), which contained an arbitration clause. *See generally* ECF No. 19-2. The Employment Agreement provides that, with limited exceptions not relevant here,

> any and all grievances, disputes, controversies, causes of action, and any and all other claims of any nature whatsoever, whether arising in contract, under statute, in tort, or otherwise between you and the Company and/or the other TECH USA Companies (collectively "Claims") must first be identified in a notice sent to the other party and then discussed at a face-to-face meeting between the parties at the Company's corporate office in Maryland within sixty (60) business days of that notice, and, if not resolved in that meeting, submitted to mediation to occur in Anne Arundel County, MD . . . pursuant to the then-prevailing American Arbitration Association Employment Dispute Resolution Rules (the "AAA Rules").

*Id.* at 7, ¶ 8.  The Employment Agreement goes on to state,

> I (the Employee) understand and agree the Company and the other TECH USA Companies make(s) available mediation and arbitration, as described in detail through this paragraph 8, for resolution of any Claims I may have against the Company and/or and [sic] the other TECH USA Companies. I also understand that as a condition of employment and continued employment, I will not be able to take any Claims to Court; instead, I agree to submit any Claims to the process described above and agree to abide by and accept the <u>final decision of the arbitrator</u> as the ultimate resolution of all of my Claims including, without limitation, those arising out of or in any way in connection with employment, termination of employment, and/or discrimination of any nature whatsoever . . . . The Claims that must be submitted to arbitration under the preceding sentence include, without limitation, those arising out of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the

> Family and Medical Leave Act, the Fair Labor Standards Act, and 42 U.S.C. §
> 1981[.]

*Id.* (emphasis in original). The Employment Agreement's arbitration clause also contains a fee-

shifting provision and other limitations which state,

> In any arbitration, the Company shall pay the initial filing fees charged by the AAA
> in connection with the Claims of the Company (and/or of any other TECH USA
> Companies that are involved) and you will pay the first $175 of the initial filing
> fees charged by the AAA in connection with your Claim(s) filed before the AAA,
> and the Company shall pay the remainder of the initial filing fees charged by the
> AAA in connection with your Claims. Nevertheless, you shall pay your own
> attorney's fees and other costs and expenses incurred at any time before, during, or
> after arbitration pursuant to paragraph 8 above and/or before, during and after
> litigation pursuant to paragraph 6 and/or paragraph 7 above. You and the Company
> each waive all rights to, and claims of, consequential damages, punitive damages,
> exemplary damages, special damages, double damages, treble damages, and any
> and all other forms of indirect or multiple damages (*except your waiver shall not
> apply to any Claims for the aforegoing that are made available to You by statute*).
> You and the Company each agree that the Company (and/or the other TECH USA
> Companies that are involved) shall be entitled to its (their) reasonable attorney's
> fees, costs, and expenses in the event of any litigation of any matters described in
> paragraph 5 above *or any litigation to compel or stay/refer your Claims to
> arbitration* (in the event you file litigation). You and the Company each agree that
> all litigation of matters described in paragraph 5 an all arbitration pursuant to
> paragraph 8 above *shall be conducted on an individual, not a multiple or class-wide
> basis*,[2] and shall not be asserted on behalf of any third party or on behalf of any
> third party beneficiary.

*Id.* at 8, ¶ 9 (emphasis added). In addition to signing the Employment agreement, Plaintiff

separately initialed the arbitration clause and fee-shifting provision. *See id.* at 8.

---

[2] Though Plaintiff purports to have filed this suit as a punitive class action, class actions are
prohibited by the arbitration agreement. Plaintiff does not challenge in her Response that the
Employment Agreement requires that she bring any claims against Defendant on an individual
basis, nor does she challenge the validity of this provision. Furthermore, a prohibition on class-
wide dispute resolution or litigation is a valid and enforceable term in an arbitration clause. *See
AT&T Mobility LLC v. Conception*, 563 333, 344 (2011) ("Requiring the availability of classwide
arbitration interferes with fundamental attributes of arbitration and thus creates a scheme
inconsistent with the FAA."). Accordingly, the Employment Agreement's mandate that claims
may only be resolved on an individual basis is enforceable.

### PROCEDURAL BACKGROUND

On February 4, 2020, Plaintiff filed a Complaint against Defendant in this Court, alleging violations of the FLSA. ECF No. 1.[3] On February 26, 2020, Defendant filed this Motion to Compel Arbitration, arguing that all Plaintiff's claims are subject to a mandatory arbitration agreement Plaintiff signed as a condition of employment. ECF No. 19. Plaintiff filed a Response in Opposition on March 11, 2020, ECF No. 22, to which Defendant replied on June 17, 2020, ECF No. 23. This matter is now fully briefed, and the Court has reviewed Defendants' Motion and the responses thereto. For the following reasons, Defendant's Motion to Compel Arbitration (ECF No. 19) is GRANTED.

### DISCUSSION

#### A.  Standard of Review

Defendant styles its Motion to Compel Arbitration as a motion to dismiss under either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(3) and the Federal Arbitration Agreement ("FAA"). *See* ECF No. 19 at 4–6. The Fourth Circuit has in the past treated a motion to dismiss based on a forum selection clause, including an arbitration clause, as a motion to dismiss for improper venue under Rule 12(b)(3). *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 n.9 (4th Cir. 2012); *see also Shaomin Sui v. FedEx Ground Package Sys., Inc.*, No. CCB-19-3328, 2020 WL 3639984, at *2 (D.Md. July 6, 2020). In *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, however, the Supreme Court stated "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*" and not through a Rule 12(b)(3) motion. 571 U.S. 49, 60 (2013). Some

---

[3] On February 14, 2020, in accordance with Standing Order 2019-07 of the United States District Court for the District of Maryland and upon consent of all parties, this case was directly assigned to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 6.

courts have continued to construe motions to dismiss based on an arbitration clause under Rule(b)(3), *see, e.g.*, *Stone v. Wells Fargo Bank, N.A.*, 361 F.Supp.3d 539, 549 (D.Md. 2019), while others have denied such motions brought under Rule 12(b)(3) as foreclosed by *Atlantic Marine*, *see, e.g.*, *Meridian Imaging Sols. V. OMNI Bus. Sols. LLC*, 250 F.Supp.3d 13, 15–16 (E.D.Va. 2017) (proceeding to analyze the motion to compel arbitration under the FAA, which was brought as an alternative). Regardless, under either Rule 12(b)(3) or the FAA, the standards of review are similar.

"The standard of review on a motion to compel arbitration under the [FAA] is 'akin to the burden on summary judgment.'" *Taccino v. Ford Motor Co.*, No. GLR-18-913, 2019 WL 1429263, at *3 (D.Md. Mar. 29, 2019) (quoting *Novic v. Midland Funding, LLC*, 271 F.Supp.3d 778, 782 (D.Md. 2017)). Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)). "In the context of a motion to

compel arbitration under the FAA, 'the party seeking a jury trial must make an unequivocal denial

that an arbitration agreement exists—and must also show sufficient facts in support.'" *Taccino*,

2019 WL 1429263, at *3 (quoting *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807

F.3d 553, 564 (4th Cir. 2015)).

### B. Defendant's Motion to Compel Arbitration

Defendants argue that all Plaintiffs' claims in this matter are subject to the mandatory

arbitration provisions contained in the Employment Agreement. Plaintiff argues in opposition that

the arbitration clause is invalidated by the clause's fee-shifting provisions and its assertion that

each party pay their own fees and costs.

The FAA "provides for the enforceability of arbitration agreements and specifies

procedures for conducting arbitrations and enforcing arbitration awards." *McCormick v. Am.

Online, Inc.*, 909 F.3d 677, 678 (4th Cir. 2018). Section 2 of the FAA mandates that "an agreement

in writing to submit to arbitration an existing controversy arising out of such a contract, transaction,

or refusal, shall be valid, irrevocable, and enforceable," with limited exceptions. 9 U.S.C. § 2

(2018).  The United States Court of Appeals for the Fourth Circuit has stated:

> application of the FAA requires demonstration of four elements: (1) the existence
> of a dispute between the parties, (2) a written agreement that includes an arbitration
> provision which purports to cover the dispute, (3) the relationship of the transaction,
> which is evidenced by the agreement, to interstate or foreign commerce, and (4) the
> failure, neglect or refusal of the defendant to arbitrate the dispute.

*Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016) (quoting *Rota-

McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 n.6 (4th Cir. 2012)). Here, there is

no dispute that all four elements are met.

### 1. The Effective Vindication Doctrine and Fee-Shifting Provisions

Plaintiff argues that the arbitration clause in the Employment Agreement is invalidated by the effective vindication doctrine. ECF No. 22 at 2–6. The effective vindication doctrine is a judge-made exception to the FAA which "serves to harmonize competing federal policies by allowing courts to invalidate agreements that prevent the 'effective vindication' of a federal statutory right." *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 235 (2013). This doctrine is limited; as the Supreme Court has stated, "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, the statute will continue to serve both its remedial and deterrent function." *Id.* (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (1985)).

In the Fourth Circuit, there is no per se rule invalidating fee-shifting provisions in arbitration clauses. *Bradford v. Rockwell Semiconductor Sys., Inc.*, 238 F.3d 549, 555–56 (4th Cir. 2001). Instead, the Fourth Circuit uses a case-by-case inquiry, because while "'an arbitral cost allocation scheme may not be used to prevent effective vindication of federal statutory claims' it does not require the conclusion that 'no party of arbitral forum fees may ever be assessed against federal [statutory] claimants.'" *Id.* at 555 (quoting *Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 763 (1999)). The focus of the case-by-case analysis is "whether the particular claimant has a full and fair opportunity to vindicate h[er] statutory claims." *Id.* The Fourth Circuit found

> the appropriate inquiry is one that evaluates whether the arbitral forum in a particular case is an adequate and accessible substitute to litigation, i.e., a case-by-case analysis that focuses, among other things, upon the claimant's ability to pay the arbitration fees and costs, the expected cost differential between arbitration and litigation in court, and whether that cost differential is so substantial as to deter the bringing of claims.

*Id.* at 556. "[T]he party seeking to invalidate an arbitration agreement on this basis bears the 'substantial' burden of showing a likelihood of incurring prohibitive arbitration costs." *Muriithi v. Shuttle Express, Inc.*, 712 F.3d 173, 181 (4th Cir. 2013) (citing *In re Cotton Yarn Antitrust Litig.*,

505 F.3d 274, 286–87 (4th Cir. 2007)). For a party to show the cost of arbitration is prohibitive, the party "must establish the likely existence of such costs with firm proof." *Id.* at 182.

> 2. *Plaintiff Fails to Meet Her Burden of Demonstrating the Fee-Shifting Provision is Prohibitive*

Plaintiff argues the fee-shifting provisions in the arbitration clause "prevents effective vindication of [her] FLSA claims" because Plaintiff is unable to bear the costs of mediation and arbitration. ECF No. 22 at 6. Plaintiff argues that if she is allowed to proceed with litigation, the FLSA allows her to recover attorneys' fees and costs through its statutory provisions, while the arbitration agreement prevents her from recovering these costs. *Id.* at 7. This argument is contrary to the language of the Employment Agreement. While the arbitration clause of the Employment Agreement does not allow the parties to recover damages other than compensatory, the clause specifically provides, "except your waiver shall not apply to any Claims for the aforegoing that are made available to You by statute." ECF No. 19-3 at 8, ¶ 9. Because the FLSA *by statute* allows Plaintiff to recover attorneys' fees and costs if she is the prevailing party, she will also be able to recover these fees and costs if she proceeds with arbitration and is the prevailing party. Accordingly, these statutory rights are not foreclosed by arbitration.

Plaintiff also argues that under the Employment Agreement, she "may also be responsible for paying all or part of the arbitrator's compensation" as well as mediation expenses and travel. ECF No. 22 at 5–6. The Employment Agreement, however, states explicitly that any mediation or arbitration will be conducted "pursuant to the then-prevailing AAA Rules." ECF No. 19-2 at 7, ¶ 8. The current AAA Rules plainly provide "[a]ll expenses of the arbitrator, required travel and other expenses, and any AAA expenses, as well as the costs relating to proof and witnesses produced at the direction of the arbitrator, shall be borne by the employer or company, unless otherwise agreed by the parties," and "[t]he employer or company shall pay the arbitrator's

compensation unless the employee or individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation." *Employment/Workplace Fee Schedule*, AM. ARB. ASS'N 2 (Nov. 1, 2019), https://www.adr.org/sites/default/files/Employment_Fee_Schedule1Nov19_2.pdf. Moreover, the AAA Rules provide, "[a]rbitrator compensation, expenses . . . , and administrative fees *are not subject to reallocation by the arbitrator(s)* except upon the arbitrator's determination that a claim or counterclaim was filed for purposes of harassment or is patently frivolous." *Id.* (emphasis added). Based on the AAA Rules, Plaintiff will not be forced to incur these costs she contends are prohibitive of arbitrating her claims. Plaintiff, in fact, acknowledged these AAA Rules provisions in her Response, yet still argued there is a possibility she will be responsible for these costs. ECF No. 22 at 5–6. The AAA Rules foreclose this possibility, unless Plaintiff agrees to voluntarily share in the payment of costs, which she is not required to do. Accordingly, Plaintiff fails to show the costs of arbitration and compensation of the arbitrator are financially prohibitive of arbitrating her claims.

Plaintiff baldly argues that if she is allowed to proceed with litigation, she will not be subject to "these financial burdens" arbitration will cause her. ECF No. 22 at 7. She bases her argument on the FLSA provision awarding fees and costs to prevailing litigation plaintiffs. As discussed above, arbitration also affords her this FLSA relief, and she will be in the same position at the completion of arbitration as she would be at the completion of litigation. Plaintiff then declares that even if she is unsuccessful in litigation, she will not have to pay her own attorney's fees or costs pursuant to the contingency fee agreement she signed with her counsel. *Id.* Plaintiff fails to acknowledge, however, the applicability of the contingency fee agreement to arbitration. Plaintiff fails to argue, and the Court will not assume, that the contingency fee agreement does not

apply to arbitration proceedings. Accordingly, Plaintiff seems to be in the same position regarding her out-of-pocket expenses for arbitration in which she would otherwise be for litigation.

Finally, Plaintiff argues that the provision in the arbitration agreement mandating that Plaintiff pay Defendant's "reasonable attorney's fees, costs, and expenses" incurred in filing a motion to compel arbitration after Plaintiff initiates litigation, ECF No. 19-2 at 8, ¶ 9, renders the arbitration clause unenforceable, ECF No. 22 at 7–8. This argument has nothing to do with Plaintiff's ability to effectively vindicate her FLSA rights; it is purely a matter of contract law. This Court and others have consistently upheld provisions such as this one when it is part of the "plain language of the Agreement." *Bracey v. Lancaster Foods, LLC*, No. RDB-17-1826, 2018 WL 1570239, at *8 (D.Md. Marc. 30, 2018) (awarding the defendant's request for attorney's fees after it successfully moved to compel arbitration and the arbitration agreement provided for such fees); *see also Pickney v. Strategic Restaurants Acquisition Co. LLC*, Civil Action No. 16-0211, 2017 WL 951622, at *1 (W.D.La. Mar. 9, 2017) (awarding the defendants reasonable attorney's fees provided for in the arbitration agreement after their successful motion to compel arbitration); *Robinson v. Taboo Gentlemen's Club, LLC*, No. 3:14-CV-123, 2015 WL 3868531 (N.D.W.Va. June 23, 2015) (granting the defendant's request for attorneys' fees and costs after litigation the motion to compel arbitration when provided for by the arbitration agreement); *ValueSelling Assocs., LLC v. Temple*, No. 09-CV-1493-JM (AJB), 2011 WL 13177274, at *5 (S.D.Cal. Feb. 10, 2011) (granting the defendants' motion for attorneys' fees after they successfully filed a motion to compel arbitration pursuant to the arbitration agreement). Accordingly, the provision allowing Defendant to recover reasonable attorney's fees and costs associated with litigation their Motion to Compel is enforceable and does not prevent Plaintiff from effectively vindicating her FLSA rights.

<u>**CONCLUSION**</u>

For the reasons stated herein, Defendant's Motion to Compel Arbitration (ECF No. 19) is GRANTED. All causes of action will be COMPELLED to arbitration, and this matter is STAYED until further Order of the Court. The Court will Administratively CLOSE this case, but it is subject to reopening if necessary at the conclusion of the arbitration proceedings. A separate Order will follow.

Date: <u>August 21, 2020</u>                    <u>                /s/                </u>

                                                  A. David Copperthite
                                                  United States Magistrate Judge